### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

L'TANYA D. BURKLEY,            )
                               )
            Plaintiff,         )     Civil Action No. 05-1090
                               )
      v.                       )     Chief Judge Ambrose
                               )     Magistrate Judge Caiazza
JO ANNE B. BARNHART,           )
Commissioner of Social         )
Security,                      )
                               )
            Defendant.         )


### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.   RECOMMENDATION

It is respectfully recommended that the District Court grant the Defendant's Motion for Summary Judgment (Doc. 13) and deny the Plaintiff's Motion for Summary Judgment (Doc. 11).

### II.   REPORT

The Plaintiff L'Tanya D. Burkley ("Ms. Burkley" or "the Claimant") has filed this social security appeal, challenging the ALJ's decision dated January 24, 2005. *See generally* Compl. (Doc. 1); Pl.'s Br. (Doc. 12).  The ALJ found that Ms. Burkley suffered the severe impairments of diabetes mellitus with early neuropathy and nephropathy, but that those conditions did not preclude her from performing sedentary work "not involv[ing] exposure to hazardous operations or machinery."  *See* ALJ's Decision, R. at 14, 16.  The vocational expert testified that said limitations were consistent with the Claimant's past

relevant work, and the ALJ found Ms. Burkley not disabled at step four of the sequential analysis. *See id.* at 16.

Having carefully reviewed the entire record, the undersigned concludes that the ALJ's decision was neither erroneous nor unsupported by substantial evidence. Accordingly, the court may limit its discussion to the alleged points of error identified by the Claimant.

Counsel first argues that Ms. Burkley met listing 9.08(A), which sets forth the criteria necessary to establish presumptive disability caused by diabetes mellitus. *See* Pl.'s Br. at 4, 7; *see also generally* Zapf v. Commissioner of Soc. Sec., 1998 WL 252764, *2 (6th Cir. May 11, 1998). The listing requires "neuropathy demonstrated by significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movements, or gait and station." *See id.* (quoting relevant C.F.R.). As the ALJ correctly observed, there is no medical evidence to show that the Claimant's "mild" neuropathy rose to these levels of limitation. *See* ALJ's Decision, R. at 14-15; *see also* R. at 256 (Rpt. of Dr. Stem dated May 10, 2004, indicating "very mild peripheral neuropathy").

Counsel next appears to suggest the ALJ failed to give sufficient consideration to the Claimant's sporadic but severe episodes of hypoglycemia. *See* Pl.'s Br. at 5, 6-7.

-2-

To the contrary, the ALJ considered the episodes and concluded they did not restrict Ms. Burkley's RFC beyond the level endorsed.  *See generally* ALJ's Decision, R. at 15-16.  This conclusion finds substantial support in the record.[1]

The Claimant also argues the ALJ did not attach sufficient weight to her treating physicians' diagnosis of neuropathy. *See* Pl.'s Br. at 5-6; *see also id.* at 8 (suggesting condition precluded gainful employment).  The ALJ did consider the condition, and found it to be a severe impairment.  *See* discussion *supra*.  There is no opinion from a treating physician, however, indicating the neuropathy placed any restriction on Ms. Burkley's capacity to work, let alone precluded the modified sedentary work endorsed by the ALJ.  Counsel's objection is without merit.

Last is the Claimant's passing reference to the ALJ's credibility determination.  *See* Pl.'s Br. at 6.  Her brief makes no effort to explain why the determination was erroneous or

---

[1]  The undersigned's review has identified three hypoglycemic incidents within the almost three-year period between the earliest medical record in the file and the ALJ's decision.  *See* R. at 151-56, 167 & 270 (records of three incidents); *compare* R. at 222 (earliest medical record, dated Mar. 22, 2002) *with* ALJ's Decision, R. at 18 (issued Jan. 24, 2005).  There is no evidence, medical or otherwise, to indicate that such infrequent incidences had an adverse effect on Ms. Burkley's RFC beyond the degree identified by the ALJ.  *See* discussion *supra* (noting Claimant's restriction to "work that would not involve exposure to hazardous operations or machinery").  Although not addressed by the ALJ, moreover, there are indications the Claimant's hypoglycemic episodes could have been better controlled through diligence. *Compare* R. at 220 (Dr. Evron's notes of May 16, 2002, "I want her to call her sugars in [at] regular intervals") *with* R. at 215 (same physician's notes dated Apr. 24, 2003) (having again asked Claimant to do so, "[h]opefully, she will call her sugars in").

lacking the support of substantial evidence.  *See id.*  The ALJ found that Mr. Burkley's claims of falling down, dozing off, weakness and fatigue were inconsistent with the medical record, and the court has no basis to question this determination.[2]

The ALJ's decision should be affirmed, and the Defendant's Motion for Summary Judgment granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this report and recommendation are due by August 14, 2006.  Responses to objections are due by August 24, 2006.


July 27, 2006

Francis X. Caiazza
U.S. Magistrate Judge


cc (via email):

Scott W. Spadafore, Esq.
223 Second Street
Monongahela, PA  15063

Megan Farrell, Esq.
Assistant U.S. Attorney

---

[2] The Claimant's reference to the Grids (*see* Pl.'s Br. at 8) is superfluous, as they clearly have no application here.  *See* Fetters v. Commissioner of Soc. Sec., 2005 WL 3479650, *1 (6th Cir. Dec. 21, 2005) ("[u]se of the Grids is not required at step four") (citations omitted).

-4-